IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CV-98-FL

| | | |
|---|---|---|
| SHERIF A. PHILIPS, MD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PITT COUNTY MEMORIAL HOSPITAL, | ) | |
| DAVID CREECH, and JAY SALSMAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motions to strike, to consolidate, and for summary judgment, (DE 6, 11, 12, 14, 42), together with defendants' motions for sanctions and to dismiss (DE 17, 35). The issues raised are ripe for ruling. For the following reasons, plaintiff's motions are denied, defendants' motion for sanctions is denied, and defendants' motion to dismiss is granted.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, began this constitutional tort suit by complaint filed August 25, 2023 in the United States District Court for the Western District of North Carolina. The action was transferred into this district pursuant to court order entered July 2, 2024.

Plaintiff's complaint is not a model of clarity, but appears to present claims for violations of the First, Fifth, and Fourteenth Amendments, as well as for defamation and fraud under North Carolina law, arising out of an alleged suspension of plaintiff's medical staff privileges at Pitt County Memorial Hospital between 2004 and 2006. Plaintiff seeks legal fees, award of unspecified injunctive

relief, and this court's order overturning adverse decisions by the North Carolina state courts and the North Carolina Medical Board ("medical board").

Prior to transfer, plaintiff filed the instant motions to strike various documents filed by defendants, and to consolidate with this case a seemingly separate territorial case from Guam. Following transfer, plaintiff filed the instant motion for summary judgment, relying upon nearly 200 pages of documents from plaintiff's prior lawsuits and medical board proceedings, peppered with plaintiff's legal contentions. Plaintiff filed additional correspondence regarding his case July 31, 2024. Defendants filed their motion for sanctions prior to transfer and their motion to dismiss for failure to state a claim afterwards.

## STATEMENT OF FACTS

The facts alleged in the complaint appear to be as follows. Plaintiff allegedly was unlawfully "peer review[ed]" by defendant Pitt County Memorial Hospital (the "hospital"), which "titled" plaintiff "as an inanimate dangerous physician ( very hard to rehire ) [sic][.]" (Compl. (DE 1) ¶ 1). Plaintiff sued over this decision in federal and North Carolina state court five times, but all suits "were unsuccessful due to the lawyers' gimmicks[.]" (Id. ¶¶ 3–4).

Plaintiff alleges that all the courts involved mishandled his suits in discriminatory manner, thereby denying him both due process and the equal protection of the law. (See id. ¶¶ 7–14). Plaintiff moved for disqualification of the North Carolina trial judge, the denial of which request was upheld on appeal by the Supreme Court of North Carolina. (Id. ¶ 15). Plaintiff alleges that an adverse attorneys' fee award in one of his state cases was procured by fraud and is therefore void. (See id. ¶¶ 19–22). Plaintiff further alleges that the underlying medical discipline imposed upon him was improper because no reliable evidence of immediate danger to patients existed. (Id. ¶¶ 30–38).

Plaintiff also appears to allege that the hospital defrauded him by hiring a local lawyer to execute on the attorney fee award against him in Guam where he appears now to reside. (See id. ¶¶ 40–42).

## COURT'S DISCUSSION

The court addresses the numerous pending motions in this case sequentially, turning its attention first to plaintiff's motions to strike.

A.  Motions to Strike (DE 6, 11, 14)

Rule 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). However, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

All three of plaintiff's motions merely parrot his complaint and/or advance merits arguments against the filings sought to be struck. Plaintiff demonstrates no basis on which to strike any of defendants' filings. Plaintiff's motions to strike, accordingly, all are denied.

B.  Motion to Consolidate (DE 12)

Plaintiff also seeks to transfer an action from Guam to this court, the nature of which is not clear from the motion. Plaintiff's filings are ambiguous as to whether he means to transfer a specific action from the United States District Court for the District of Guam, or a different action from the Superior Court of Guam, or both. Removal or transfer of either action, however, is inappropriate.

First, transfer of the pertinent federal case is improper, as the court judicially notes that that case has been reduced to final judgment, affirmed on appeal, and closed. See generally Philips v. Pitt Cnty. Mem'l Hosp., 855 F. App'x 324 (9th Cir. 2021).[1]

---

[1]  The docket sheet of the underlying district court case reveals that plaintiff continued repetitiously to file notices of appeal until April, 2024. However, the Ninth Circuit's mandate on his only proper appeal issued October 12, 2021.

3

Second, removal of the pertinent Guam territorial court action is improper. Removal must be to the federal court "embracing the place where such [state/territorial] action is pending." 28 U.S.C. § 1441(a). Removal of a Guam territorial case must be to Guam federal court, not this court.

Both possible bases for plaintiff's motion to consolidate are improper. This motion accordingly must be and is denied.

C.   Motion to Dismiss (DE 35) and Motion for Summary Judgment (DE 42)

Defendants argue that dismissal here is warranted on numerous grounds, among them plaintiff's failure to state a claim. Around two weeks after defendants moved to dismiss, plaintiff filed his motion for summary judgment and responded separately to the motion to dismiss, urging in defense that the court grant his motion for summary judgment and sanction defendants. In defense of plaintiff's motions, defendants point to the timing of it, and argue that is grounds alone for its denial, where there has been no discovery undertaken to date, nor even any answer let alone a scheduling order. Because that motion is premature, the court denies it without prejudice, and turns its attention now to the motion to dismiss, while taking into consideration all of plaintiff's legal arguments, including those made in his response in opposition and in furtherance of his motion for summary judgment.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,]

4

. . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Defendants argue that plaintiff's complaint fails to state any claim because it is incomprehensible and fails to identify any causes of action or to place any defendant on fair notice of the allegations. The court must agree. While plaintiff's grievances about the way he was treated in Greenville, North Carolina are long held and his distress palpable in what defendants count as his sixth action related to the suspension and revocation of his medical staff privileges at Pitt County Memorial Hospital, even generously construing his allegations to plead certain § 1983 and other claims against every conceivable defendant, such claims fail for a combination of lack of state action, judicial immunity, and res judicata.

Plaintiff fails to name any claims, statutes, or causes of action, or to connect any defendant to any of the same. A complaint, even one lodged by a pro se litigant, must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678. The liberal construction accorded to pro se parties does not "undermine" pleading requirements that a complaint contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). Indeed, the court is "not obliged to ferret through a complaint, searching for viable claims." Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017). Courts often dismiss even pro se complaints that are "confusing," "ambiguous," "meandering [and] disorganized," "labyrinthi[ne]," or "unintelligible." See id. (collecting cases dismissing complaints which drew these descriptions). This basis alone is sufficient grounds for the court to dismiss plaintiff's complaint, which fails to place any defendant on fair notice of allegations of wrongdoing. See id.

To the extent plaintiff's complaint is read to suggest fraud and defamation claims, and § 1983 claims under the First Amendment and Due Process and Equal Protection Clauses, against the named

5

defendants here and against various North Carolina state judges, such claims fail. Claims under § 1983 are cognizable only against governmental actors, absent some narrow exceptions not applicable here. See, e.g., White Coat Waste Project v. Greater Richmond Transit Co., 35 F.4th 179, 189–90 (4th Cir. 2022). Plaintiff makes no allegation or argument that any of the defendants here is a governmental actor. Plaintiff's § 1983 claims therefore fail.

Plaintiff's fraud and defamation claims fail under the doctrine of res judicata. Res judicata under North Carolina law bars any later action 1) based upon the same claims 2) previously litigated to a final judgment on the merits 3) by the same parties or those in privity with them. Thomas M. McInnis & Associates, Inc., v. Hall, 318 N.C. 421, 428 (1986).[2] Here, all three requirements for res judicata under North Carolina law are satisfied. Plaintiff has filed at least one prior suit based on the same events and purported fraud and defamation claims, against these same defendants, which was litigated to a final merits judgment in defendants' favor. (See Defs' Br. Dismiss Ex. C (DE 36-3); id. Ex. D (DE 36-4); id. Ex. E (DE 36-5); id. Ex. G (DE 36-7)); Philips v. North Carolina State, No. 5:15-cv-95-F, 2015 WL 9462095 (E.D.N.C. Dec. 28, 2015).[3] Res judicata applies here to bar any fraud or defamation claim presented in the complaint.

The only exception to the court's res judicata conclusion is time-barred. Plaintiff appears to present an additional fraud claim against defendants based on their attempts to execute an attorneys' fee award against him in Guam. (See Compl. ¶¶ 40–41). But fraud under North Carolina law has a three-year statute of limitations, which accrued and began to run when defendants attempted to

---

[2] Because a North Carolina state court rendered the pertinent prior judgment, North Carolina preclusion doctrine applies. See Dionne v. Mayor & City Council of Baltimore, 40 F.3d 677, 682 (4th Cir. 1994).

[3] The court may take judicial notice of plaintiff's prior filings and previous court rulings for res judicata purposes, even at the Rule 12 stage. Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

6

execute the award in May 2018. (See id. ¶ 41); N.C. Gen. Stat. § 1-52(9).[4] Plaintiff filed his complaint August 25, 2023, so this claim is untimely.

The court next turns to plaintiff's possible claims against North Carolina state judges. The complaint is replete with allegations of misconduct against the judges who presided over plaintiff's previous cases; indeed, the complaint appears primarily aimed at these judges, rather than the named defendants. (Compl. ¶¶ 7–27). These judicial parties are not named as defendants in the complaint, but even overlooking this basic issue, no § 1983 claims against any judicial officers could succeed. Judges possess absolute judicial immunity against § 1983 claims absent extremely narrow exceptions which plaintiff does not attempt to plead or argue here. Mireles v. Waco, 502 U.S. 9, 11–12 (1991).

In sum, all of plaintiff's claims conceivably extracted from the complaint, against all conceivable defendants, fail and are subject to dismissal under Rule 12(b)(6).

D.  Motions for Sanctions and for a Prefiling Injunction (DE 17, 35)[5]

Defendants have moved for sanctions in the form of approximately $16,500 in attorneys' fees, (see generally Mot. Sanctions (DE 17)), contending that plaintiff filed a "clearly frivolous" complaint presenting issues that are untimely, already adjudicated, and intended to harass defendants and cause needless expense. (Id. 3). For the reasons discussed in more detail below, the court concludes that a fee award would have negligible, if any, deterrent effect upon plaintiff given his litigation history, and therefore declines to grant this fee request.

However, defendants also ask for a prefiling injunction restraining plaintiff from further litigation against them absent pre-screening. The court agrees that though such measure is a strong remedy, it is warranted in this case.

---

4   Fraud under Guam law has the same limitations period. See 7 Guam Code Ann. § 11305(d).

5   Defendants' request for a prefiling injunction is found in their motion to dismiss at docket entry 35.

The All Writs Act, 28 U.S.C. § 1651, grants federal courts the power to limit access to the courts by vexatious and abusive litigants, subject to significant procedural safeguards and requirements. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Such a strong remedy should, however, be used cautiously and sparingly. Id. The court must weigh all the relevant circumstances, including 1) the party's litigation history, especially whether he has filed vexatious, harassing, or duplicative suits; 2) whether the party had any good faith basis for such suits; 3) the burden on the court and other parties from the party's filings; and 4) the adequacy of alternative sanctions. Id. at 818. If the court determines, after weighing all these factors, that an injunction is warranted, it must ensure such injunction is narrowly tailored to the circumstances at issue, and provide the to-be-enjoined party with notice and the opportunity to be heard. Id. at 818–19.

The court proceeds to weigh the four Cromer factors.

First, plaintiff's litigation history weighs in favor of a prefiling injunction. This action is at least plaintiff's sixth against defendant hospital, and his third against defendants David Creech and Jay Salsman, the hospital's attorneys in the first three suits, based on the same events that occurred nearly 20 years ago.[6] All but the first suit have been duplicative, and the third, fourth, fifth, and sixth (the instant action) have been frivolous and vexatious. See Philips v. Pitt Cnty. Mem'l Hosp., Inc., 242 N.C. App. 456, 458 (2015) (finding plaintiff's third suit "frivolous and malicious"); North Carolina State, 2015 WL 9462095, at *8 (noting "plaintiff's allegations are conclusory, rambling, and disjointed," "many of these claims have already failed at least once in either federal or state court," concluding that plaintiff's fourth suit failed to state a claim, and warning of possible sanctions); Philips v. Pitt Cnty. Mem'l Hosp., No. 18-46, 2019 WL 5963927, at *1 (D. Guam. Nov. 13, 2019)

---

[6] Defendants show that this is plaintiff's sixth suit against them, but the court judicially notices that plaintiff appears to have filed at least one other, subsequent suit against them in Guam, and has sued the Guam judiciary directly for its decisions on his frivolous lawsuits. See Philips v. Berman, No. 23-17, 2024 WL 1464100 (D. Guam Apr. 4, 2024); Philips v. Guam Courts, No. 22-14, 2022 WL 17551558 (D. Guam Dec. 9, 2022).

8

(stating that plaintiff's fifth suit was "wholly insubstantial and frivolous"), aff'd, 855 F. App'x 324 (9th Cir. 2021).

Plaintiff recognizes that these prior suits were dismissed under legal doctrines such as judicial immunity and lack of state action; he therefore acknowledges the lack of any legal basis for his claims, but instead of advancing a good faith argument to distinguish or to change these doctrines, he attempts to brush them aside as "lawyers' gimmicks" and accuses other judges of corruption and misconduct in conclusory terms. (See Compl. ¶¶ 4–6, 11–16, 27). Prior decisions have warned plaintiff that his suits are meritless, and of the possibility of sanctions for continued efforts to refile them. See North Carolina State, 2015 WL 9462095, at *8; Philips, 242 N.C. App. at 458 (affirming attorneys' fee award on basis that plaintiff's third suit was "frivolous and malicious").

Plaintiff has refused to heed numerous judicial rulings holding his claims meritless, but has persisted in refiling frivolous suits on long-past events. Thus, the court concludes that the first Cromer factor weighs in favor of an injunction. See Safir v. U.S. Lines, Inc., 792 F.2d 19, 25 (2d Cir. 1986) (affirming merits of prefiling injunction against litigant who filed repeated, baseless claims over events that occurred 20 years beforehand); Cromer, 390 F.3d at 818 (citing Safir approvingly); Miles v. Angelone, 483 F. Supp. 2d 491, 495 (E.D. Va. 2007); Morning Star Baptist Church v. James City Cnty. Police, 480 F. Supp. 2d 853, 861 (E.D. Va. 2007); Crear v. JPMorgan Chase Bank, N.A., 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020) (ruling prefiling injunction over 6 meritless lawsuits warranted, but declining to impose injunction for other reasons).

Second, plaintiff advances no good faith basis to have repeatedly asserted these claims. The court places particular weight on plaintiff's statements, noted above, that his suits have in fact been dismissed under particular legal theories that he evidently understands to bar his claims, at least to some degree (Compl. ¶¶ 5, 11). The court also emphasizes the order dismissing plaintiff's claims

entered by another judge of this court in 2015, which painstakingly traced plaintiff's litigation history, explained the grounds for dismissal to plaintiff, made allowances for his pro se status, and finally "warn[ed] the plaintiff that if he brings this suit again to this court, the court will award costs and attorney's fees to any party who moves for and merits such costs and fees." North Carolina State, 2015 WL 9462095, at *8.

Even after this ruling, plaintiff has re-filed his suit at least twice. The court concludes that on plaintiff's history of repeatedly litigating these same meritless claims, the second Cromer factor weighs in favor of an injunction. Cromer, 390 F.3d at 818; see, e.g., Chien v. Robbins, No. 3:21cv501, 2021 WL 5756383, at *3 (E.D. Va. Dec. 3, 2021) (stating in prefiling injunction context that "litigants do not act in good faith when they are inclined to repetitive and frivolous filings that constitute harassment rather than legitimate legal claims"), aff'd, No. 22-1004, 2022 WL 1711681 (4th Cir. May 27, 2022); Wilkinson v. Wells Fargo Bank, N.A., No. 3:19-cv-580, 2021 WL 1166770, at *4 (W.D.N.C. Mar. 26, 2021); Henderson v. Cnty. of Henrico Human Resources, No. 3L11cv739, 2013 WL 8715510, at *4 (E.D. Va. Mar. 8, 2013) ("[plaintiff] has been admonished by several judges . . . that his claims have never been supported by more than conclusory allegations and conjecture").

Third, plaintiff's filings present a burden upon the federal, state, and territorial courts, and upon defendants.[7] As noted, plaintiff has filed numerous suits dismissed as meritless against these defendants and thereby congested the dockets of this court, the Guam federal and territorial courts, and the North Carolina state courts. Defendants also represent that they have expended significant time and resources dealing with plaintiff's suits. (Defs' Br. Dismiss 14). However, defendants

---

[7] The court judicially notices that plaintiff has caused such disruption to the Superior Court of Guam's docket by advancing exactly the same frivolous contentions as here, even after being sanctioned, that it declared plaintiff a vexatious litigant and imposed a prefiling injunction against him in October, 2023. See Pitt Cnty. Mem'l Hosp. v. Philips, No. CV0478-18, slip op. at 2–7 (Guam Super. Ct. Oct. 4, 2023). The court therefore strongly doubts that plaintiff would cease his behavior volitionally.

10

provide little detail on these historical expenditures, and so while this factor weighs in favor of an injunction, it does so only slightly.

Fourth, other sanctions will not deter plaintiff's conduct. Plaintiff's third lawsuit, in North Carolina state court, was determined by the trial court and the North Carolina Court of Appeals to be frivolous and malicious, which resulted in a substantial attorneys' fee award against him. See Philips, 242 N.C. App. at 458. The significant sum awarded did not deter plaintiff from filing at least another three lawsuits based on the same facts against the same defendants. Further, because plaintiff has vigorously resisted paying this award, the court cannot conclude that adding any additional monetary sanction would meaningfully remedy the expenses defendants have incurred defending plaintiff's frivolous suits or deter plaintiff's conduct. See Berman, 2024 WL 1464100, at *2 (recounting plaintiff's efforts to evade and defeat the fee award, concluding that plaintiff had sued yet again to "harass" defendants, and recommending sanctions). Finally, as noted above, plaintiff was not deterred by a thorough order from another judge of this court holding that plaintiff's claims failed as a matter of law and warning of the possibility of sanctions, or by repeated sanctions imposed by the Guam court system for conduct similar to that here. Philips, No. CV0478-18, slip op. at 3–4. The fourth Cromer factor weighs in favor of an injunction.

For these same reasons, the court also concludes that defendants' separate motion for sanctions in the form of attorneys' fees would accomplish nothing if granted, whether in compensation or deterrence, and so denies that motion. See In re Kunstler, 914 F.2d 505, 523 (4th Cir. 1990) (noting that the "primary" purpose of Rule 11 is to "deter future litigation abuse"); Oudeh v. Goshen Med. Ctr., Inc., No. 5:22-cv-193-D, 2024 WL 3852129, at *6 (E.D.N.C. Aug. 16, 2024) (same).

11

The court concludes, after a careful evaluation and weighing of all four Cromer factors, that a prefiling injunction is warranted, on the terms set forth below and in the form set forth as Exhibit A to this order.

The court next turns to narrowly tailoring an injunction specific to the circumstances at hand. A narrowly tailored injunction "addresses only filings in [the instant] or related actions." Cromer, 390 F.3d at 819. The court warns plaintiff that such prefiling injunction may enter if plaintiff fails to show good cause why such injunction should not be entered.

The court will confine its prefiling injunction to enjoin any future cases that are 1) filed against defendants named in this suit or otherwise associated with the underlying suspension of plaintiff's medical staff privileges at Pitt County Memorial Hospital in 2004-2006, or with subsequent litigation challenging such suspension, and which 2) pursue claims based on such suspension or actions during such litigation. Such suits may nonetheless be pursued if 1) accompanied by an affidavit signed under Rule 11 by an attorney licensed to practice law by, and in good standing with, the bar of any U.S. state or territory attesting that plaintiff's claims are presented in good faith, for a proper purpose, and are not frivolous under the standard contemplated by that rule, or 2) plaintiff is granted leave to proceed by the court.

To request leave of court, plaintiff must submit to the clerk of court 1) a copy of this order and a copy of any later order imposing a prefiling injunction, and 2) a notarized affidavit or declaration stating that the matters raised in the suit have not been raised or decided previously, are brought in good faith, and are not for the purpose of harassment. The clerk of court will be directed to return any filings that do not comply with the terms set out in this or the previous paragraph, and plaintiff must comply therewith before filings therein may be docketed or served upon any party.

12

Nothing in this order or any injunction shall be construed to limit in any way plaintiff's ability 1) to file other lawsuits against any defendants or on any claims not specifically encompassed within the previous two paragraphs,[8] 2) to defend himself in any criminal action, 3) to file for a writ of habeas corpus or other extraordinary writ, or 4) to access any federal court of appeals or the United States Supreme Court.

Finally, neither this order nor any injunction entered in this case shall be construed to limit plaintiff's access to any court other than the United States District Court for the Eastern District of North Carolina.

Last, the court proceeds to Cromer notice. The court hereby places plaintiff on notice that the court intends to enjoin him from making any further filings on such terms set out, and as limited, in the previous four paragraphs, and as set forth for demonstration in the blank order attached hereto as Exhibit A. Plaintiff is directed to show cause within 35 days of the issuance of this order why such injunction should not be imposed.

## CONCLUSION

For the foregoing reasons:

1. Plaintiff's motions (DE 6, 11, 12, 14, 42) are DENIED;

2. Defendants' motion for sanctions (DE 17) is DENIED;

3. Defendants' motion to dismiss (DE 35) is GRANTED on the terms set forth herein. Plaintiff's claims are DISMISSED under Rule 12(b)(6) for failure to state a claim;

---

[8] The court warns plaintiff that any attempts to evade the spirit of this provision to continue frivolous litigation against defendants here, or others associated with the underlying events, may warrant revisiting and extending the injunction. See Miles, 483 F. Supp. 2d at 497 n.5.

4. Plaintiff is DIRECTED to show cause within 35 days why an order of prefiling injunction, as described herein and in the form set out as Exhibit A hereto, should not be imposed; and

5. In the event plaintiff fails to respond to this order within the time specified, the clerk shall without further direction cause to be entered the order of prefiling injunction set out as Exhibit A hereto, and close this case.

SO ORDERED, this the 12th day of September, 2024.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge